Antonio Vivaldi Pacheco, Plaintiff and Appellee, *v.* Mariano Antonio Quijano et al., Defendants and Appellants.

No. 5452. Argued May 1, 1931.—Decided July 15, 1932.

*E. Báez García* for appellants. *P. Fajardo Martínez* for appellee.

Mr. Justice Aldrey delivered the opinion of the Court.

In 1925 Antonio Vivaldi Pacheco purchased by a public deed from the brothers Mariano Antonio, Joaquina Gertrudis, and Juan Evangelista Rosauro Quijano, their undivided three-fourths interest in a house and lot situated in the ward of Candelaria, Mayagüez, for a price of $500 payable to each of them, which the vendors acknowledged to have previously received, in which house Norberta Castillo had a usufruct as the widow of Ramón T. Quijano. On the same day that said public deed was made, a private document was executed wherein Vivaldi acknowledged that he had not delivered the purchase price; that the latter amounted to $625 for each of the three co-owners; that he would deliver that amount as soon as the question of the usufruct held by Norberta Castillo and the title to the property were settled; that he agreed to make advances of funds necessary to settle the title and to record the same in the registry of property; that if the transaction were successfully carried out, he would

deliver the purchase price after deducting, therefrom the sums advanced, or otherwise restore the undivided interest to the vendors upon the return by them of any sums so advanced. About four years later, Vivaldi brought suit against the three brothers aforesaid, alleging the above acts and in addition that he had delivered to his vendors the total sum of $552 made up of the various items which as specified included $250 delivered to Joaquina Gertrudis on December 12, 1925, and he prayed that the court decree the specific performance of the contract or if not, that it adjudge the defendants to return to him the sum of $552 which he had delivered to them, with legal interest thereon and costs. Thereupon the defendants filed in court a compromise proposal whereby they offered to pay $401, but the same was refused and the suit continued by reason of the discrepancy as to the balance of $151.

The defendants in their answer admitted all the substantial averments of the complaint, but denied the delivery of some of the alleged sums which left a balance against them amounting to $401, and set up as a defense that since December 12, 1925, when the plaintiff paid the co-owner and defendant Joaquina Gertrudis $250 on account of her undivided interest, he has been receiving the rent pertaining to said undivided interest in the house, amounting to $8 monthly and which he is bound to return.

At the trial it was established that the plaintiff had been receiving the rent from said undivided interest, and although according to him part of such rent remains unpaid, the defendants proved by the receipts signed by Vivaldi which they produced, that the latter had received for that account the sum of $118.57.

The district court deemed the evidence insufficient to decree the specific performance of the contract of sale, but sufficient for the rescission thereof, and it found that the various sums sought to be recovered by the plaintiff had been advanced as claimed, except an item of $50 for attorney's

fees for a declaration of heirship as to which only $10 had been delivered, and therefore it deducted $40 from the $552 claimed and adjudged the defendants to pay the sum of $512 plus legal interest and costs; whereupon the defendants took the present appeal.

The appellants make no objection to the various items composing the principal sum of $512 which they were adjudged to pay, as their appeal is based on other grounds.

The first error assigned is that the trial court erred in not holding that the defendants had a right to recover from the plaintiff the sums which he received as rent on the house that belongs to the defendants.

In dealing with the rescission of contracts, the Civil Code provides by section 1262 that rescission makes necessary the return of the things which were the subject matter of the contract, with their fruits, and of the price paid, with interest thereon. In consequence of this legal provision and of the rescission decreed in the instant case, the defendants must return to the plaintiff the $512 which they received from him in consideration of the sale with the legal interest thereon, which sum includes the $250 that Joaquina Gertrudis Quijano received as owner of one of the undivided interests sold; and the plaintiff must restore said undivided interests to the defendants, together with the rents and profits thereof which consist of the rentals of the house pertaining to one of said undivided interests proved to amount to $118.57. The court failed to so provide in its judgment and in this it committed the error first assigned.

The second assignment of error is related to the first one, as it deals with the failure of the lower court to consider the receipts signed and accepted by the plaintiff attesting to the fact that the latter had received said rentals. We need not stop to discuss this assignment, since we have already declared that the plaintiff received certain moneys as rent pertaining to one of the undivided interests, the total amount thereof having been established by the evidence.

The appellants maintain in the third assignment of error that the court erred in not rendering judgment for $401 or for any lesser amount and in rendering it for a larger sum.

The judgment in so far as it adjudged the defendants to pay $512 was correct, as that was the amount actually owed by the defendants and which the latter must return to the plaintiff. Its only defect is that it failed to declare as proved the $118.57 received by the plaintiff as rent and which he must return together with the undivided interest sold to him. This does not mean that judgment should have been rendered for $393.43, which is the difference between the $512 advanced and the $118.57 representing the rents and profits received by the plaintiff, as the appellants urge, even though in fact that will be the result when restoration shall have been made of the thing sold, with its fruits, and the money received, with interest thereon. We do not think that the judgment should have been for less than $512.

The fourth error is assigned because the defendants were adjudged to pay legal interest on the moneys advanced by the plaintiff to the defendants. This assignment is clearly without merit, as those advances were made on account of the purchase price of the undivided interest, and upon the rescission of the contract the defendants must return the portion of the purchase price received with legal interest thereon, in accordance with the provisions of section 1262 already cited.

The last assignment of error is based on the imposition of costs. We do not think that there was any error in making that pronouncement, because although the defendants had offered to pay $401 they contested the correctness of several sums claimed to have been advanced, and it was proved that they owed the plaintiff $512; because even though the complaint contained a prayer for the specific performance of the contract of sale, it was also requested therein that if this could not be done, then the court should decree the return of the money advanced, with legal interest thereon, which is equivalent to a rescission of the contract, on which theory

the case went to trial and judgment was rendered; and because even though the defendants claim that they are not bound to pay legal interest on the principal amount, they are required to do so by an express provision of the law in consequence of the rescission.

For the reasons stated, the judgment appealed from should be modified in the sense that the plaintiff has received $118.57 as profits from the undivided interest of Joaquina Gertrudis Quijano, and that upon receipt by the plaintiff of the sum of $512, with legal interest thereon, he shall restore the undivided interests to the defendants, together with the fruits thereof received by him; and, as so modified, the judgment will be affirmed.

Mr. Justice Córdova Dávila took no part in the decision of this case.